IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. WEINSTEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SATURN CORPORATION,<br><br>　　　　Defendant | No. C-07-0348 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

　　　　Before the Court is defendant Saturn Corporation's motion, filed January 31, 2007, to dismiss plaintiff Richard A. Weinstein's First Amended Complaint ("FAC"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for March 9, 2007, and rules as follows.

　　　　Plaintiff alleges that he purchased a 2006 Saturn VUE ("VUE"), which model is advertised by defendant as having "the OnStar System." (See FAC ¶¶ 9, 10.) Plaintiff further alleges the OnStar System is "supposed to permit Hands-Free Calling, including the ability to dial extension numbers and navigate automated phone systems," (see FAC ¶ 10), that the VUE was "sold with instructions on how to dial extension numbers and navigate automated phone systems using voice commands," (see id.), and that, after he purchased

the VUE, he learned the OnStar System therein "does not have the ability to dial extension numbers and navigate automated phone systems," (see FAC ¶¶ 12, 13). Based on such allegations, plaintiff alleges six causes of action, specifically, (1) "Violation of California's Consumers Legal Remedies Act," (2) "Violation of the Unfair Competition Laws," (3) "Violation of the False Advertising Laws," (4) "Breach of Express Warranty," (5) "Breach of Implied Warranty," and (6) "Breach of Contract." (See FAC at 6-11.)

The Court finds plaintiff has failed to allege sufficient facts to state a claim.

First, plaintiff fails to provide defendant with fair notice of the basis of his claims, pursuant to Rule 8(b). See Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding Rule 8(a) requires plaintiff provide defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests"). As noted, plaintiff alleges the OnStar System in his vehicle was "supposed to have" certain features that it does not have. Plaintiff fails, however, to allege sufficient facts to give Saturn notice as to the basis of such conclusion. Although the FAC refers to the existence of "instructions" provided with the VUE, (see FAC ¶ 10), the instructions could not, at least by themselves, have formed the basis of plaintiff's conclusion because the "instructions," specifically, the OnStar Owner's Guide ("Owner's Guide"), state only that a vehicle "may" have the subject features. (See Def.'s Mot. Ex. B; Weinstein Decl. Ex. D) ("[S]ome vehicles with a steering wheel control may allow you to dial numbers for phone extensions, dials numbers in Voice Mail systems and navigate through the 'PRESS 1, or PRESS 2' functions of a business phone system.") (emphasis added).)[1]

Second, to the extent plaintiff's first three causes of action are based, at least in part, on a theory of fraud, plaintiff fails to comply with Rule 9(b), because plaintiff does not allege the "time, place, or specific content of the false representations as well as the

---

[1] Because plaintiff, in the FAC, relies on the content of the "instructions," and each party offers excerpts from the Owner's Guide, the Court takes judicial notice of the contents of the Owner's Guide. See Parrino v. FHP, Inc., 146 F. 3d 699, 705-06 (9th Cir.), cert. denied, 525 U.S. 1001 (1998) (holding "district court ruling on a motion to dismiss may consider documents whose contents are alleged in a [pleading] and whose authenticity no party questions").

2

identities of the parties to the misrepresentation," see Schreiber Distrib. Co. v. Serv-Well Furniture, Inc., 806 F. 2d 1393, 1401 (9th Cir. 1986), and does not allege facts to support a finding that the representations were false when made, see Fecht v. Price Co., 70 F. 3d 1078, 1083 (9th Cir. 1995), cert. denied, 517 U.S. 1136 (1996).  Although plaintiff argues his claims are not grounded in fraud, the Court disagrees.  Plaintiff's first three claims are, at least in part, grounded in fraud.  Plaintiff alleges that defendant made false representations in its advertisements, (see FAC ¶¶ 10, 12), that defendant knew its advertisements were false in that defendant "intended not to sell" its products as advertised, (see FAC ¶ 29), that plaintiff relied on the advertising in deciding to purchase the vehicle, (see FAC ¶ 15), and that plaintiff incurred "economic damages" as a result, (see FAC ¶ 33).  See Vess v. Ciba-Geigy Corp., 317 F. 3d at 1105 (holding, under California law, elements of fraud claim are false statement, knowledge of falsity, intent to defraud, justifiable reliance, and damages; further holding where plaintiff "alleg[es] facts that necessarily constitute fraud," plaintiff must comply with Rule 9(b) "even if the word 'fraud' is not used" in complaint).

## CONCLUSION

For the reasons stated, defendant's motion to dismiss is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED, with leave to amend to cure the deficiencies identified above.

A Second Amended Complaint, if any, shall be filed no later than March 23, 2007.

**IT IS SO ORDERED.**

Dated: March 7, 2007

MAXINE M. CHESNEY
United States District Judge

3