**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. WEINSTEIN,<br><br>            Plaintiff,<br><br>   v.<br><br>SATURN CORPORATION,<br><br>            Defendant<br>_____/ | No. C-07-0348 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND IN PART; VACATING HEARING** |

   Before the Court is defendant Saturn Corporation's motion, filed April 5, 2007, to dismiss plaintiff Richard A. Weinstein's Second Amended Complaint ("SAC"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for May 11, 2007, and rules as follows:

   1. Plaintiff's First Cause of Action, alleging a violation of §§ 1770(a)(5) and 1770(a)(9) of the California Civil Code, plaintiff's Second Cause of Action, alleging a violation of § 17200 of the California Business & Professions Code, and plaintiff's Third Cause of Action, alleging a violation of § 17500 of the California Business & Professions Code, are subject to dismissal for failure to comply with Rule 9(b). To the extent said claims are based on an oral statement assertedly made by an employee of third-party

Saturn of Oakland, plaintiff fails to allege any facts to support a finding that the speaker acted as defendant's agent. See Schwartz v. KPMG LLP, 476 F. 3d 756, 765 (9th Cir. 2007) (holding, for purposes of Rule 9(b), where plaintiff alleges defendant is liable under agency theory for false statement of another, plaintiff must allege with particularity facts to support existence of agency relationship).  To the extent said claims are based on the theory defendant has an affirmative duty to disclose to consumers that the VUE's "OnStar System" has a "voice-activated calling ability called 'Hands Free Calling'" that does not "navigate automated phone systems," (see SAC ¶¶ 11, 13), plaintiff fails to allege, with the requisite particularity, facts to warrant imposition of such duty. See In Re Glenfed, Inc. Securities Litig., 42 F. 3d 1541, 1548 (9th Cir. 1994) (holding Rule (9) requires plaintiff to allege with particularity "circumstances which constitute the fraud," whether claim is based on "statement or omission"); Goodman v. Kennedy, 18 Cal. 3d 335, 346 (1976) (holding, where fraud claims based on omission, "validity of [ ] fraud counts depends on allegations that would establish some duty of disclosure on the part of defendant").[1]

Although plaintiff has had an opportunity to amend, the Court finds plaintiff is "endeavoring in good faith to meet the heightened pleading requirements and to comply with court guidance," and, based thereon, should be afforded a further opportunity to amend his claims. See Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 1053 (9th Cir. 2003) (holding, for purposes of securities fraud claim, where plaintiff cured some but not all deficiencies in pleading, further leave to amend warranted where plaintiff not acting in bad faith and might be able to state claim upon further amendment).

//

---

[1] Contrary to plaintiff's argument, plaintiff's allegation, that plaintiff is "informed and believes" that defendant provided false information about the VUE's features to Saturn of Oakland, is insufficient. (See SAC ¶ 18.)  A statement on "information and belief" must be "accompanied by a statement of the facts upon which the belief is founded," see Wool v. Tandem Computers Inc., 818 F. 2d 1433, 1439 (9th Cir. 1987); plaintiff includes no such statement in the SAC other than a reference to an On-Star manual, which manual, as the Court previously has found, does not itself state that the VUE has the specific feature at issue herein. (See Order Granting Def.s' Mot. to Dismiss FAC, filed March 7, 2007, at 2:13-21.)

2. Plaintiff's Fourth Cause of Action, alleging a claim for breach of express warranty, is subject to dismissal. The express warranty "covers repairs to correct any vehicle defect relating to materials or workmanship." (See Weinstein Decl. Ex. F, filed February 7, 2007, second page.)[2] Plaintiff does not, however, allege that his vehicle has a "defect relating to materials or workmanship" that defendant has failed to correct; rather, plaintiff alleges that a particular feature is "not available on the VUE." (See SAC ¶ 17.) Further leave to amend said claim is not proper, in light of plaintiff's having failed to identify any theory on which he could state a claim for breach of the express warranty.

3. Plaintiff's Fifth Cause of Action, alleging a claim for breach of the implied warranty of merchantability and breach of the implied warranty of fitness, is subject to dismissal. The SAC alleges the good at issue is the VUE, which plaintiff alleges is "unfit" for its "ordinary purpose" and for the "particular purpose" of "'hands-free calling." (See SAC ¶¶ 62, 63.) In his opposition, however, plaintiff states that he no longer seeks to prove the VUE is unfit, and that he now seeks to allege the "unfit" good is a "part" within the VUE, specifically, the "'Hands-Free system" in the VUE, (see Pl.'s Opp. at 11:1-4), i.e., OnStar. Because a good, for purposes of a breach of implied warranty claim, includes a "part" of a "product," see Cal. Civ. Code § 1791(a), the Court will afford plaintiff leave to amend to identify the OnStar System in the VUE as an "unfit" consumer good.[3]

4. Plaintiff's Sixth Cause of Action, alleging a claim for breach of contract, is subject to dismissal. The contract referenced therein is the "contract for the sale of the VUE," (see SAC ¶¶ 67-69); defendant is not a party thereto, and, in any event, the sales contract does not include any language requiring the VUE's On-Star System to have the particular feature

---

[2] Because the SAC relies on the warranty and plaintiff has offered the relevant excerpts therefrom, the Court takes judicial notice of the contents of the warranty. See Parrino v. FHP, Inc., 146 F. 3d 699, 705-06 (9th Cir.), cert. denied, 525 U.S. 1001 (1998) (holding district court, in ruling on motion to dismiss, "may consider documents whose contents are alleged in a [pleading] and whose authenticity no party questions").

[3] In any amendment, plaintiff must allege sufficient facts to give defendant fair notice of how said "part" in the VUE is unfit for the "ordinary purposes for which such good[ ] [is] used," see Cal. Civ. Code § 1791.1(a), and/or any "particular purpose for which the [part] is required," see Cal. Civ. Code § 1791.1(b).

at issue herein. (See Def.'s Mot., filed January 31, 2007, Ex. A; Lines Decl., filed January 31, 2007, ¶ 2.)[4] To the extent plaintiff seeks leave to amend to allege the contract at issue is "implied" from an exclusion contained in the express warranty, (see Pl.'s Opp. at 11:20 - 12:4), leave to amend would be futile, because "an exclusion cannot act as an additional grant or extension of coverage," see Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F. 3d 618, 626 (9th Cir. 1996) (interpreting California insurance law).

**CONCLUSION**

For the reasons stated, defendant's motion to dismiss is hereby GRANTED, and the Second Amended Complaint is hereby DISMISSED, as follows:

1. The First, Second, Third, and Fifth Causes of Action are DISMISSED with leave to amend; the Third Amended Complaint, if any, shall be filed no later than May 25, 2007.

2. The Fourth and Sixth Causes of Action are DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: May 8, 2007

MAXINE M. CHESNEY
United States District Judge

---

[4] Because the SAC relies on the sales contract, and plaintiff does not challenge the authenticity of the sales contract offered by defendant, the Court takes judicial notice of the contents of said contract. See Parrino, 146 F. 3d at 705-06.

4