IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. WEINSTEIN,<br><br>  Plaintiff,<br><br>  v.<br><br>SATURN CORPORATION, EAST BAY AUTO GROUP INC. dba SATURN OF OAKLAND, AND does 1 - 100, inclusive,<br><br>  Defendants | No. C-07-0348 MMC<br><br>**ORDER GRANTING SATURN CORPORATION'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; REMANDING REMAINING CLAIMS; VACATING HEARING** |

Before the Court is defendant Saturn Corporation's ("Saturn") motion, filed June 11, 2007, to dismiss plaintiff Richard A. Weinstein's ("Weinstein") Third Amended Complaint ("TAC"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Weinstein has filed opposition, to which Saturn has replied.  Having considered the parties' submissions filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for August 24, 2007, and rules as follows.

**A. Motion to Dismiss**

1. The First Cause of Action, alleging a violation of the Consumers Legal Remedies Act, the Second Cause of Action, alleging a violation of the § 17200 of the California Business and Professions Code, and the Third Cause of Action, alleging a violation of

1  § 17500 of the California Business & Professions Code, are subject to dismissal as follows:

2      a. To the extent such claims are based on the theory Saturn had an
3  affirmative duty to advise the public that the OnStar system included in the 2006 Saturn
4  VUE does not perform the task of "navigation of automated phone systems," (see TAC
5  ¶ 1), Weinstein, for the reasons stated by Saturn, fails to sufficiently plead that any of
6  Saturn's advertisements and/or brochures contain a false or misleading statement
7  concerning such navigation.  None of the subject materials expressly states that the voice-
8  activated OnStar system in the 2006 Saturn VUE is capable of performing all tasks
9  performed by a cellular or an "ordinary" telephone, nor could a reasonable trier of fact find
10 that the advertisements or brochures imply such representation.  (See TAC ¶¶ 15-20.)

11     b. To the extent such claims are based on the allegation that Darin Cross
12 ("Cross"), an employee of defendant East Bay Auto Group, Inc. ("East Bay Auto Group"),
13 falsely told Weinstein that the OnStar system in the 2006 Saturn VUE "worked to navigate
14 automated phone systems,"  (see TAC ¶ 25), Weinstein, for the reasons stated by Saturn,
15 fails to allege that Saturn can be held vicariously liable for such statements.  Further,
16 Weinstein does not allege that Saturn represented to Cross or any other employee of East
17 Bay Auto Group that the OnStar system in the 2006 Saturn VUE is capable of navigating
18 automated telephone systems, and, to the extent Weinstein is alleging Saturn had a duty to
19 advise Cross that the OnStar system in the 2006 Saturn VUE lacked the ability to navigate
20 automated telephone phone systems, Weinstein fails to allege a basis for imposing such a
21 duty.

22     2. The Fourth Cause of Action, alleging a claim for breach of implied warranty, is
23 subject to dismissal as follows:

24     a. To the extent such claim is based on a theory of breach of the implied
25 warranty of merchantability, even assuming that a cellular telephone or an "ordinary"
26 telephone would be unfit for the purpose of making telephone calls if such telephone is
27 unable to navigate automated systems, Weinstein has, for the reasons stated by Saturn,
28 failed to sufficiently plead that Saturn's advertisements and/or brochures expressly state or

reasonably imply that the OnStar System in the 2006 Saturn VUE performs all functions of a cellular or ordinary telephone.

        b.  To the extent such claim is based on a theory of breach of the implied warranty of fitness for a particular purpose, Weinstein, for the reasons stated by Saturn, fails to sufficiently allege that Saturn was aware Weinstein intended to use the OnStar system in the 2006 Saturn VUE for a particular purpose of navigating automated telephone systems, let alone that Saturn explicitly or implicitly represented that the OnStar system in the 2006 Saturn VUE could perform the particular task of navigating automated telephone systems.

**B.  Subject Matter Jurisdiction**

On January 17, 2007, Saturn removed the instant action pursuant to 28 U.S.C. § 1332(d)(2).  See 28 U.S.C. § 1332(d)(2) (providing district court has jurisdiction over class action wherein matter in controversy exceeds $5,000,000 and member of class is citizen of state different from that of any defendant).

Weinstein seeks to proceed on behalf of a nationwide class consisting of persons who, from January 1, 2005 to the present, purchased a 2006 Saturn VUE that contains an OnStar system lacking the ability to navigate automated telephone systems.  With respect to the amount in controversy, assuming such putative nationwide class, Saturn asserted in its notice of removal that "approximately 101,000 model year 2006 Saturn VUEs were produced with the OnStar system that is the subject of [Weinstein's] allegations," and that "it would cost a minimum of $60 per vehicle (and possibly more) to potentially 'add' the OnStar capabilities alleged by [Weinstein] to these vehicles."  (See Notice of Removal ¶ 5.)

In light of the Court's rulings set forth above, Weinstein's claims against Saturn, which encompass the nationwide class claims, have been dismissed.  The only remaining claims, each of which arises from specific representations alleged to have been made by Cross to Weinstein, are asserted against defendant East Bay Auto Group, a business located in Oakland, California.  Weinstein's claims arising from such specific representations by East Bay Auto Group are not expressly asserted on behalf of any class.

Even if the TAC is interpreted to assert such class claims, however, there is no indication the amount in controversy as to claims arising from specific misrepresentations by East Bay Auto Group could exceed $5,000,000, or, alternatively, that a class action based on misrepresentations by East Bay Auto Group to its customers in California is appropriate in light of the strictures set forth in § 1332(d)(4).  See 28 U.S.C. § 1332(d)(4)(A)(i) (providing district "shall" decline to exercise jurisdiction over class action, even if amount in controversy exceeds $5,000,000, if "greater than two-thirds" of proposed class are citizens of same state, defendant resides in state where action filed, and "principal injuries" occurred in state where action filed).

Although the Court would appear to have supplemental jurisdiction over the claims asserted against East Bay Auto Group, the Court declines to exercise jurisdiction over such claims.  See 28 U.S.C. § 1367(c)(3) (providing district court may decline to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction).

Accordingly, Weinstein's claims against East Bay Auto Group will be remanded to state court.

## CONCLUSION

For the reasons stated above,

1. Saturn's motion to dismiss is hereby GRANTED, and Weinstein's claims against Saturn are DISMISSED without further leave to amend.

2. The remaining claims are hereby REMANDED to the Superior Court of California, in and for Alameda County.

**IT IS SO ORDERED.**

Dated: August 23, 2007

MAXINE M. CHESNEY
United States District Judge